**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOSE TORRES,**

                      **Plaintiff,**                **9:11-cv-466**
                                                        **(GLS/RFT)**

                    v.

**CHARLES GARDNER et al.,**

                      **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Jose Torres
Pro Se
11-A-0260
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN    CHARLES J. QUACKENBUSH
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Jose Torres commenced this action against

Lieutenant Charles Gardner and multiple John/Jane Doe defendants ("Doe defendants") under 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights under theories of excessive force and denial of medical treatment. (*See* Am. Compl., Dkt. No. 18.) Pending is Lieutenant Gardner's motion to dismiss. (Dkt. No. 9.) For the reasons that follow, the motion is granted.

## II. Standard of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) is well established and will not be repeated here.[1] For a full discussion of the standard, the court refers the parties to its previous opinion in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## III. Discussion

### A. Failure to Exhaust Administrative Remedies

Lieutenant Gardner seeks dismissal of Torres' Amended Complaint for failure to comply with the Prison Litigation Reform Act (PLRA) and failure to state a claim upon which relief may be granted. (*See* Dkt. No. 9.) Because Torres' failure to exhaust his administrative remedies requires

---

[1] Because Torres is proceeding *pro se*, the court will construe his Amended Complaint liberally. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

2

dismissal, the merits of his pleadings need not be addressed.

Under the PLRA, a prisoner may not bring a section 1983 claim relating to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion must occur before the plaintiff's lawsuit is filed. *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001) ("Subsequent exhaustion after suit is filed therefore is insufficient."), *abrogated in part on other grounds by Porter*, 534 U.S. 516.

The Second Circuit has articulated three scenarios in which a prisoner's failure to exhaust his administrative remedies may not require dismissal: where (1) administrative remedies were not in fact "available" to the prisoner; (2) defendants failed to raise or preserve the affirmative defense of non-exhaustion or their actions prevented the prisoner from exhausting his administrative remedies; or (3) the prisoner has plausibly alleged "special circumstances"—such as reasonable confusion as to a regulation—which resulted in his failure to comply with administrative

3

requirements. *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004); *Newman v. Duncan*, No. 04-CV-395, 2007 WL 2847304, at *2-3 (N.D.N.Y. Sept. 26, 2007). Torres is not entitled to benefit from any of these exceptions.

First, Torres readily admits that New York's well-established three-step Inmate Grievance Program (IGP) was available to him, and that he availed himself of that program. (Am. Compl., Dkt. No. 18 at 3-4.); N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5 (2011). Torres' fatal error, however, is that he did not complete the IGP prior to bringing the present action. (Am. Compl., Dkt. No. 18 at 4.) Specifically, he admits that his appeal to the Central Office Review Committee (CORC)—the third and final IGP step—was not filed until May 13, 2011, nearly a month after the April 25, 2011 commencement of the instant suit. (Am. Compl., Dkt. No. 18 at 4; Compl., Dkt. No. 1.)

While Torres alleges that he was obstructed in his attempt to complete the IGP, his allegations do not implicate the second exception. Specifically, Torres claims that CORC impermissibly failed to render a decision on his final appeal. (Dkt. No. 23 at 2.) As noted above, however, Torres did not file his final appeal with CORC until nearly a month after he

4

commenced this action. Torres makes no argument that his pursuit of administrative remedies was obstructed prior to his bringing the instant suit. Just as subsequent exhaustion after suit is filed cannot satisfy section 1997e(a), *see Neal*, 267 F.3d at 122, it follows that subsequent obstruction by a defendant cannot absolve a plaintiff's failure to exhaust administrative remedies that remained unhindered at the time of filing.

Finally, Torres alleges no "special circumstances" which resulted in his failure to comply with the IGP prior to commencing the present action. Because Torres failed to comply with the IGP before bringing this suit, and no exceptions to section 1997e(a) are available to him, dismissal as to Lieutenant Gardner is appropriate.

Torres argues that, in light of his efforts to comply with the IGP, dismissing his Amended Complaint against Lieutenant Gardner would be judicially inefficient. (Dkt. No. 23 at 2.) While this may be true in Torres' case, the Second Circuit has specifically rejected such an argument, noting that "allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive [in section 1997e(a)]." *Neal*, 267 F.3d at 123. Accordingly, Lieutenant Gardner's motion to dismiss is granted and Torres' claims against him are

5

dismissed without prejudice.  Although all of Torres' claims were filed on the same date, only those claims against Lieutenant Gardner are dismissed at this juncture because failure to exhaust administrative remedies is an affirmative defense.  *Jones v. Bock*, 549 U.S. 199, 211-12 (2007).

As Lieutenant Gardner is the only named defendant in this action, his dismissal creates an untenable situation in which all remaining defendants are unnamed.  While Torres has been unable to ascertain the identities of all Doe defendants, he states in a pending motion to compel discovery that he has identified Jane Doe as Marilyn Jobin, a Registered Nurse at Franklin Correctional Facility.  (Dkt. No. 24 at 1.)

Torres is advised that, if he wishes to proceed with this action, he **must** file a second amended complaint **within thirty (30) days** from the filing date of this Decision and Order, to reflect as named defendants Ms. Jobin and any other identifiable Doe defendants.[2]  Torres is cautioned that no portion of his prior pleadings shall be incorporated into his second amended complaint by reference; and all relevant information must be

---

[2] Torres should take note that if he chooses to file a second Amended Complaint instead of discontinuing the present suit and filing a new action, and the named defendants in his second Amended Complaint assert the exhaustion affirmative defense, he will likely have the claims against those defendants dismissed for the reasons articulated in this Order.

6

included in the second amended complaint. Failure to file such an amended complaint within the time frame provided will result in dismissal of the action without prejudice without further Order of this court.

### IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Lieutenant Gardner's motion to dismiss (Dkt. No. 9) is **GRANTED** and that all claims against him are dismissed without prejudice; and it is further

**ORDERED** that Lieutenant Gardner is terminated as a party to this action; and it is further

**ORDERED** that Torres, if he wishes to proceed with this action, must file a second amended complaint **within thirty (30) days** from the filing date of this Decision and Order, to reflect as defendants Ms. Jobin and any other identifiable Doe defendants; and it is further

**ORDERED** that if Torres fails to timely file a second amended complaint in accordance with this Decision and Order, the Clerk shall enter judgment dismissing the action without prejudice; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by mail and certified mail.

7

**IT IS SO ORDERED.**

January 23, 2012
Albany, New York

Gary L. Sharpe
Chief Judge,
U.S. District Court